Susan G. BRANDON, Administratrix of the Estate of Willie C. Brandon, Deceased and Susan B. Brandon in her own right

v.

ASBESTOS CORPORATION LIMITED, et al.

Civ. A. No. 85–6624.

United States District Court, E.D. Pennsylvania.

Sept. 28, 1986.

stant case, relying totally and with touching devotion on the memorandum ACL filed in *Paravati*, makes no mention of my prior ruling. In standing thus four-square on its own precedent, ACL has, *inter alia*, foregone the opportunity to explain to me where I went wrong one year ago.

WHEREFORE, still persuaded that I was right the last time ACL tendered this jurisdictional issue,[2] I hereby ORDER and DIRECT that ACL's motion to dismiss is DENIED.

Robert J. O'Shea, Jr., Joseph D. Shein, Philadelphia, Pa., for plaintiff.

Charles F. Forer, Philadelphia, Pa., for Charter Consolidated PLC Charter Consolidated Investments, Ltd.

Robert A. Nicholas, Philadelphia, Pa., for National Gypsum Co., Celotex Corp., Carey Canada, Inc.

Frederic L. Goldfein, Philadelphia, Pa., for Asbestos Corp. Ltd.

Edward Greer, Philadelphia, Pa., for GAF Corp.

## MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

On May 2, 1986, defendant Asbestos Corporation Limited (ACL) moved to dismiss for lack of *in personam* jurisdiction. The memorandum in support of the motion is an all-but-verbatim duplication of the memorandum ACL filed in support of its motion to dismiss for lack of *in personam* jurisdiction in *Paravati v. Bell Asbestos Mines, Ltd.*, C.A. No. 85–021.[1]

A review of the file in *Paravati* would disclose that I denied that ACL motion in an Order filed on August 30, 1985. But the memorandum filed by ACL in the in-

---

1. The phrase "all-but-verbatim" takes account of one difference: the current memorandum introduces an "is" on the first line of the first page, with some prejudice to the syntax.

2. My view finds ample support in the decisions of my colleagues in this court. *See, e.g., Zollo, et al. v. Turner & Newall, et al.*, 516 F.Supp. 742 (E.D.Pa.1981) (Giles, J.) (denying ACL's motion to dismiss for lack of *in personam* jurisdiction in one case and "deeming the motion to have been made and denied in other cases" before Judge Giles). *But see Brooks v. RAymark Industries*, No. 85–3396, slip op. (July 24, 1986) (Kelly, J.) [Available on WESTLAW, DCT database] (granting ACL's motion to dismiss for lack of *in personam* jurisdiction).